**Fill in this information to identify the case:**

United States Bankruptcy Court for the Southern District of Texas

Case number (*if known*): _____  Chapter 11

❑  Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | **Debtor's name** | NPC Restaurant Holdings II LLC |
|---|---|---|

| 2. | **All other names debtor used in the last 8 years** | N/A |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | **Debtor's federal Employer Identification Number** (EIN) | 82-5520595 |
|---|---|---|

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 4200 — Number   W. 115th Street Suite 200 — Street | Number   Street |
| | P.O. Box |
| Leawood — City   Kansas — State   66211 — ZIP Code | City   State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Johnson — County | Number   Street |
| | City   State   ZIP Code |

| 5. | **Debtor's website** (URL) | https://www.npcinternational.com/ |
|---|---|---|

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other.  Specify: _____ |

Debtor    NPC Restaurant Holdings II LLC _____    Case number (if known) _____
          Name

**7.  Describe debtor's business**

A. *Check one:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐  Railroad (as defined in 11 U.S.C. § 101(44))
☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒  None of the above

B. *Check all that apply:*

☐  Tax- entity (as described in 26 U.S.C. § 501)
☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   **7225 – Restaurants and Other Eating Places**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐  Chapter 7
☐  Chapter 9
☒  Chapter 11. *Check all that apply*:

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes    District _____    When _____    Case number _____
                                        MM/ DD/ YYYY
          District _____    When _____    Case number _____
                                        MM / DD/ YYYY

Debtor    NPC Restaurant Holdings II LLC                                    Case number (if known) _____
          Name

**10. Are any bankruptcy cases
     pending or being filed by a
     business partner or an
     affiliate of the debtor?**

     List all cases. If more than 1,
     attach a separate list.

☐ No

☒ Yes    Debtor      See Schedule 1            Relationship    See Schedule 1

         District    Southern District of Texas    When         July 1, 2020

         Case number, if known  _____                MM / DD/ YYYY

---

**11. Why is the case filed in this
     district?**

*Check all that apply:*

☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
   immediately preceding the date of this petition or for a longer part of such 180 days than in any other
   district.

☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have
     possession of any real
     property or personal property
     that needs immediate
     attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

        **Why does the property need immediate attention?**  (*Check all that app*ly.)

        ☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public
           health or safety.
           What is the hazard?  _____

        ☐  It needs to be physically secured or protected from the weather.

        ☐  It includes perishable goods or assets that could quickly deteriorate or lose value
           without attention (for example, livestock, seasonal goods, meat, dairy, produce, or
           securities-related assets or other options).

        ☐  Other  _____

        **Where is the property?**  _____
                                    Number          Street

                                    _____   _____   _____
                                    City              State         ZIP Code

        **Is the property insured?**

        ☐  No

        ☐  Yes. Insurance agency   _____

                Contact Name       _____

                Phone              _____

---

| Statistical and administrative information |
|---|

**13. Debtor's estimation of
     available funds**

*Check one:*

☒  Funds will be available for distribution to unsecured creditors.

☐  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of
     creditors**

     **(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

Debtor   NPC Restaurant Holdings II LLC
         Name

Case number (if known)

| 15. **Estimated assets** (on a consolidated basis) | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☒ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |
|---|---|---|---|
| 16. **Estimated liabilities** (on a consolidated basis) | ☐ $0-$50,000 <br> ☐ $50,001-$100,000 <br> ☐ $100,001-$500,000 <br> ☐ $500,001-$1 million | ☐ $1,000,001-$10 million <br> ☐ $10,000,001-$50 million <br> ☐ $50,000,001-$100 million <br> ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion <br> ☒ $1,000,000,001-$10 billion <br> ☐ $10,000,000,001-$50 billion <br> ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 1, 2020
MM/DD/YYYY

✖   /s/ Eric Koza                                      Eric Koza
    Signature of authorized representative of debtor    Printed name

    Chief Restructuring Officer
    Title

18. **Signature of attorney**

✖   /s/ Alfredo R. Pérez                    Date   July 1, 2020
    Signature of attorney for debtor               MM / DD / YYYY

    Alfredo R. Pérez                               Kevin Bostel
    Printed Name

    Weil, Gotshal & Manges LLP                     Weil, Gotshal & Manges LLP
    Firm Name

    700 Louisiana Street, Suite 1700               767 Fifth Avenue
    Address

    Houston, Texas 77002                           New York, New York  10153
    City/State/Zip

    (713) 546-5000                                 (212) 310-8000
    Contact Phone

    alfredo.perez@weil.com                         kevin.bostel@weil.com
    Email Address

    15776275              Texas
    Bar Number            State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of NPC International, Inc.

| COMPANY | CASE NUMBER |
| --- | --- |
| NPC International, Inc. | 20-_____( ) |
| NPC Restaurant Holdings I LLC | 20-_____( ) |
| NPC Restaurant Holdings II LLC | 20-_____( ) |
| NPC Holdings, Inc. | 20-_____( ) |
| NPC International Holdings, LLC | 20-_____( ) |
| NPC Restaurant Holdings, LLC | 20-_____( ) |
| NPC Operating Company B, Inc. | 20-_____( ) |
| NPC Quality Burgers, Inc. | 20-_____( ) |

*Execution Version*

**ACTION BY JOINT UNANIMOUS WRITTEN CONSENT OF**
**NPC RESTAURANT HOLDINGS II LLC**
**NPC INTERNATIONAL HOLDINGS, LLC**
**NPC INTERNATIONAL, INC.**
**NPC QUALITY BURGERS, INC.**
**NPC OPERATING COMPANY B, INC.**

June 30, 2020

The undersigned, being (a) all of the members of the board of directors, or (b) the sole member, as the case may be (in each case, the "**Governing Body**"), of the entities specified on the signature pages hereto (each such entity individually, a "**Company**"), do hereby consent to and adopt and approve by written consent, in accordance with the laws of Delaware and Kansas, as applicable, the following resolutions and each and every action effected thereby:

**WHEREAS**, each Governing Body has reviewed and has had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it, and the impact of the foregoing on such Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of such Company to evaluate, and has evaluated, the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body desires to approve the following resolutions.

1.     **Appointment of Chief Restructuring Officer**

**NOW, THEREFORE, BE IT RESOLVED**, that, Mr. Eric Koza, CFA, be and hereby is, appointed the Chief Restructuring Officer of the Company under the terms and conditions of that certain services agreement, dated as of January 30, 2020, by and among NPC Restaurant Holdings I LLC, AP Services, LLC, and Mr. Koza (the "**CRO Agreement**"), which terms and conditions shall be and are hereby incorporated by reference;

**RESOLVED**, that Mr. Koza shall collaborate and maintain open communications with the other members of management and the Governing Body with respect to all aspects of his responsibilities;

**RESOLVED**, that Mr. Koza, in coordination with the advisors and other members of management, shall be authorized from time to time to make decisions, subject to the control and direction of the Board, with respect to certain aspects of the Company's business related to: (a) the development of, or revisions to, the Company's business plan relevant to any Restructuring Decisions (as defined herein) or the Chapter 11 Filings (as defined herein); (b) the Company's communications with and outreach to its stakeholders; and (c) various other restructuring initiatives, including negotiations with, and proposals to, parties in interest (clauses (a) – (c), collectively, the "**Restructuring Decisions**"), subject to the direction of the Board in all respects;

1

WEIL:\97357469\7\65961.0003

**RESOLVED**, that Mr. Koza, in coordination with the other members of management and the advisors, shall facilitate negotiations and engagement with the Company's stakeholders;

## 2.    Commencement of Chapter 11 Cases

**RESOLVED**, that, with respect to each Company, its Governing Body has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its shareholders, creditors, and other parties in interest that a petition be filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any duly appointed officer of such Company, including but not limited to the Chief Executive Officer, the Chief Financial Officer, Co-Chief Financial Officer and the Chief Restructuring Officer (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**") or the Chapter 11 Filings, including (a) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates or instruments (or any amendments or modifications thereto); and be it further

## 3.    Restructuring Support Agreement

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interest of the Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to each Governing Body; and be it further

**RESOLVED**, that (a) the forms, terms and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto, (b) the execution, delivery, and performance thereof, and (c) the consummation of the transactions contemplated thereunder by the Company

2

are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any Authorized Person of the Company executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instructions and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, substantially in the form previously presented to each Governing Body, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, and/or any of the related documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable; and be it further

4. **Cash Collateral and Adequate Protection**

**RESOLVED**, in connection with the Chapter 11 Cases, with respect to each Company, its Governing Body has considered providing adequate protection, including paying certain fees to certain prepetition secured lenders party to (a) that certain Super-Priority Term Loan Credit Agreement, dated as of January 21, 2020 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), by and among NPC International, Inc., a Kansas corporation, NPC Quality Burgers, Inc., a Kansas corporation, and NPC Operating Company B, Inc., a Kansas corporation, each as a borrower (collectively, the "**Debtor Borrowers**"), NPC Restaurant Holdings, LLC, a Kansas corporation, as guarantor ("**NPC RH**"), KKR Loan Administration Services LLC ("**KKR**"), as administrative agent (the "**Priority Agent**"), Deutsche Bank Trust Company Americas, as collateral agent (the "**Collateral Agent**"), and the lenders from time to time party thereto (the "**Priority Lenders**"), (b) that certain First Lien Credit Agreement, dated as of April 20, 2017 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), by and among the Debtor Borrowers, NPC RH, as guarantor, KKR, as administrative agent (the "**First Lien Agent**"), the Collateral Agent, and the lenders from time to time party thereto (the "**First Lien Lenders**"), and (c) that certain Second Lien Credit Agreement, dated as of April 20, 2017 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time), by and among the Debtor Borrowers, NPC RH, as guarantor, Wilmington Savings Fund Society, FSB, as administrative agent (the "**Second Lien Agent**" and, together with the Priority Agent and the First Lien Agent, collectively, the "**Agents**"), the Collateral Agent, and the lenders from time to time party thereto (the "**Second Lien Lenders**" and, together with the Priority Lenders and the First Lien Lenders,

3

collectively, the "**Lenders**"), pursuant to a consensual cash collateral order (the "**Cash Collateral Order**"), on terms and conditions similar to those previously provided to each Company;

**RESOLVED**, the Governing Body of each Company, having considered the terms of the Cash Collateral Order, and having consulted with and considered advice from each Company's legal and financial advisors, deems it advisable and in the best interests of each Company to enter into the transactions contemplated in the Cash Collateral Order;

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to negotiate and approve the terms and provisions of, and performance by each applicable Company of, and to prepare each of the documents and instruments to be executed by such Company which are described in or contemplated by the Cash Collateral Order (the "**Cash Collateral Order Documents**"); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take such action as such Authorized Person deems necessary or appropriate to cause each Company to complete the transactions contemplated by the Cash Collateral Order, including, but not limited to, the filing and/or execution and delivery of each of the Cash Collateral Order Documents, and any and all other agreements, documents or instruments required or appropriate in connection with or incidental to the transactions contemplated by each of the foregoing; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to pay all fees and expenses in accordance with the terms of the Cash Collateral Order Documents (including, without limitation, all fees and expenses of any Company's and their respective subsidiaries' auditors, attorneys and advisors and all fees and expenses payable to the Agents and the Lenders) and make any other payments as may be deemed necessary, appropriate or desirable in connection with the Cash Collateral Order Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform each applicable Company's obligations under or in connection with the Cash Collateral Order Documents;

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each applicable Company, to take all such further actions, which shall, in such Authorized Person's judgment, be necessary, proper or advisable to perform such applicable Company's obligations under or in connection with the Cash Collateral Order Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that the signature of any Authorized Person of the applicable Company to any Cash Collateral Order Documents to which the applicable Company is a party or signatory shall be conclusive evidence of the authority of such Authorized Person to execute and deliver such Cash Collateral Order Documents; and be it further

4

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the Cash Collateral Order Documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable; and be it further

**RESOLVED**, that the Governing Body of each applicable Company hereby authorizes any current and/or future subsidiary of such Company, to the extent applicable, to execute any agreement and/or document as may be contemplated or required by the Cash Collateral Order Documents; and be it further

5. **Retention of Advisors**

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals on behalf of such Company that such Authorized Person deems necessary, appropriate, or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as counsel for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of AlixPartners, LLP, located at 909 Third Avenue, 30th Floor, New York, NY 10022, is hereby retained as financial advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Greenhill & Co., LLC, located at 300 Park Avenue, New York, NY 10022, is hereby retained as investment banker for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, 12th Floor, New York, New York 10017, is hereby retained as claims, noticing and solicitation agent, and administrative advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that, with respect to each Company, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds, including (a) the payment of any consideration, (b) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (c) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates or instruments (or any amendments or modifications thereto) in connection with the

engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

6.      **General**

**RESOLVED**, that, with respect to each Company, any Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required,  (b) the execution, delivery, performance and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that, to the extent that any Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person of such Controlling Company, any one of whom may act without the joinder of any other Authorized Person, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED**, that any person dealing with any Authorized Person of any Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person and by his or her execution of any document, agreement or instrument, the same to be a valid and binding obligation of such Company enforceable in accordance with its terms; and be it further

**RESOLVED**, that each Authorized Person of each Company is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of such Authorized Person, a true copy of the foregoing resolutions of such person; and be it further

**RESOLVED**, that the authority conferred upon each Authorized Person by this written consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this written consent of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such

6

Authorized Person to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and be it further

**RESOLVED**, that each Governing Body, as applicable, hereby adopts and incorporates by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing resolutions, or to cover authority included in matters authorized in the foregoing resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy thereof shall be inserted in the minute book of such Company following this unanimous written consent and certified as duly adopted thereby; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, manager, or member of any Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[*Signature Pages to Follow*]

7

**IN WITNESS WHEREOF**, the undersigned, being the sole member of NPC Restaurant Holdings II LLC, hereby consents to, adopts, and authorizes the foregoing resolutions as of the date first written above.

**SOLE MEMBER OF NPC RESTAURANT HOLDINGS II LLC:**

**NPC RESTAURANT HOLDINGS I LLC**

Eric Koza

[*Signature Page to Joint Unanimous Written Consent – NPC Restaurant Holdings II LLC*]

**IN WITNESS WHEREOF**, the undersigned, being the sole member of NPC International Holdings, LLC, hereby consents to, adopts, and authorizes the foregoing resolutions as of the date first written above.

**SOLE MEMBER OF NPC INTERNATIONAL HOLDINGS, LLC:**

**NPC HOLDINGS, INC.**

Eric Koza

[*Signature Page to Joint Unanimous Written Consent – NPC International Holdings, LLC*]

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of NPC International, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF NPC INTERNATIONAL, INC.:**

Jon Weber

David Wahlert

Jason Poenitske

*[Signature Page to Joint Unanimous Written Consent – NPC International, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of NPC International, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF NPC INTERNATIONAL, INC.:**

_____
Jon Weber

_____
David Wahlert

_____
Jason Poenitske

_[Signature Page to Joint Unanimous Written Consent – NPC International, Inc.]_

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of NPC International, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF NPC INTERNATIONAL, INC.:**

_____
Jon Weber

_____
David Wahlert

_____
Jason Poenitske

*[Signature Page to Joint Unanimous Written Consent – NPC International, Inc.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of NPC Quality Burgers, Inc. and NPC Operating Company B, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF NPC QUALITY BURGERS, INC. AND NPC OPERATING COMPANY B, INC.:**

_____
Carl Hauch

_____
Penny Lindemann Smith

_____
Jason Poenitske

*[Signature Page to Joint Unanimous Written Consent –*
*NPC Quality Burgers, Inc. and NPC Operating Company B, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of NPC Quality Burgers, Inc. and NPC Operating Company B, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF NPC QUALITY BURGERS, INC. AND NPC OPERATING COMPANY B, INC.:**

_____
Carl Hauch

_____
Penny Lindemann Smith

_____
Jason Poenitske

*[Signature Page to Joint Unanimous Written Consent –*
*NPC Quality Burgers, Inc. and NPC Operating Company B, Inc.]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of NPC Quality Burgers, Inc. and NPC Operating Company B, Inc., hereby consent to, adopt, and authorize the foregoing resolutions as of the date first written above.

**BOARD OF DIRECTORS OF NPC QUALITY BURGERS, INC. AND NPC OPERATING COMPANY B, INC.:**

 

_____
Carl Hauch

 

_____
Penny Lindemann Smith

_____
Jason Poenitske

 

*[Signature Page to Joint Unanimous Written Consent –*
*NPC Quality Burgers, Inc. and NPC Operating Company B, Inc.]*

**Fill in this information to identify the case:**

Debtor name: NPC Holdings, Inc.

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | PIZZA HUT INC. 7100 Corporate Dr. PLANO, TX 75024 | Attn.: Kristin Mays<br>Phone: 502-874-8300<br>Facsimile:<br>E-mail: Kristin.Mays@yum.com | Trade | U | | | $17,681,748.00 |
| 2 | THE WENDYS COMPANY 1 Dave Thomas Blvd. DUBLIN, OH 43017 | Attn.: Erica Neal<br>Phone: 614-764-3100<br>Facsimile: 614-764--3330<br>E-mail: erica.neal@wendys.com | Trade | U | | | $8,977,106.00 |
| 3 | SYGMA MISSOURI PO BOX 28523 COLUMBUS, OH 43228 | Attn.: Laquada Johnson<br>Phone: 877-441-1144<br>Facsimile: 614-734-2555<br>E-mail: LJohnson@SYGMAnetwork.com | Trade | U | | | $7,403,178.00 |
| 4 | I.P.H.F.H.A. INC. 7829 E. ROCKHILL ST WICHITA, KS 67206 | Attn.: Kathy Alford<br>Phone: 316-685-1208<br>Facsimile:<br>E-mail: kalford@iphfha.com | Trade | U | | | $3,801,353.00 |
| 5 | MCLANE 2085 Midway Rd. CARROLLTON, TX 75006 | Attn.: Kimberly Mrozinski<br>Phone: 972-364-2112<br>Facsimile: 972-364-2093<br>E-mail: Kimberly.Mrozinski@McLaneFS.com | Trade | U | | | $1,456,461.00 |
| 6 | SYSCO USA I INC PO BOX 27633 SALT LAKE CITY, UT 84127 | Attn.: Leslee Donio<br>Phone: 801-972-5484<br>Facsimile: 801-563-6941<br>E-mail: Donio.leslee@int.sysco.com | Trade | U | | | $1,086,349.00 |
| 7 | PH DIGICO LLC 7829 E. ROCKHILL SUITE 201 WICHITA, KS 67206 | Attn.: Debbie Jonas<br>Phone: 316-685-1208<br>Facsimile:<br>E-mail: djonas@ipfha.com | Trade | U | | | $864,841.00 |
| 8 | JESSICA PADGETT (C/O BRETT T. BURMEISTER) 14701 E. 42ND ST. INDEPENDENCE, MO 64055 | Attn.: BRETT T. BURMEISTER<br>Phone: 816-373-5590<br>Facsimile: 816-373-2112 | Litigation | | | | $654,197.00 |

Debtor    NPC Restaurant Holdings II LLC                                    Case number (if known)    _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | E-mail:    brett@BGattorney.com | | | | | |
| 9  WHGRE LLC 3211 SHANNON RD SUITE 225 DURHAM, NC 27707 | Attn.:    Nikki Marion Phone:    212-607-0546 Facsimile: E-mail:    Nikki.marion@eldridge.com | Trade | U | | | $401,386.00 |
| 10  R&W PIZZA HUT'S OF NC PO BOX 12100 DES MOINES, IA 50312 | Attn.:    Rusty Goode Phone:    407-876-7367 Facsimile: E-mail:    rgoodecpa@gmail.com | Trade | U | | | $324,036.00 |
| 11  VALENTI MID ATLANTIC REALTY II PO BOX 8618 LANCASTER, PA 17604 | Attn.: Phone:    717-560-3091 Facsimile: E-mail:    steve@restmgt.com    Steve Nesbitt | Trade | U | | | $310,405.00 |
| 12  DOMINION VIRGINIA POWER PO BOX 26543 RICHMOND, VA 23290 | Attn.:    Tomas F. Farrell, II Phone:    888-667-3000 Facsimile:    804-819-2205 E-mail: | Trade | | | | $253,102.00 |
| 13  TIFFANY SMITH (C/O MARK L. ROSENBERG ESQ.) 554 LOMAX ST JACKSONVILLE, FL 32204 | Attn.:    Mark Rosenberg Phone:    904-354-4680 Facsimile:    904-725-3783 E-mail: | Litigation | | | | $202,638.00 |
| 14  AMERICAN REALTY CAPITAL 2325 EAST CAMELBACK ROAD SUITE 1100 PHOENIX, AZ 85016 | Attn.:    Debbie Hester Phone:    215-449-3687 Facsimile: E-mail:    dhester@vereit.com | Trade | U | | | $193,725.00 |
| 15  DUKE ENERGY PROCESS PO BOX 1003 Charlotte, NC 28201 | Attn.:    Lynn Good Phone:    866-582-6345 Facsimile:    800-419-5473 E-mail:    CCSTRALBuildersFaxes@duke-energy.com | Trade | | | | $176,129.00 |
| 16  JOANNE HENSHAW (C/O JAMES J. AMATO, ESQ.) NO. 1 MAHANTONGO ST. POTTSVILLE PA 17901 | Attn.:    JAMES J. AMATO, ESQ Phone:    570-622-2455 Facsimile:    570-622-5330 E-mail:    JAMATO@FEPLAWYERS.COM | Litigation | | | | $168,750.00 |
| 17  EVERGY PO BOX 219330 KANSAS CITY, MO 64121 | Attn.:    Mark A. Ruelle Phone:    816-221-2323 Facsimile:    816-654-1479 E-mail: | Trade | | | | $149,827.00 |
| 18  DUKE ENERGY PO BOX 70516 CHARLOTTE, NC 28272 | Attn.:    Lynn Good Phone:    800-653-5307 Facsimile:    800-351-3853 E-mail:    SEServiceInstallation@duke-energy.com | Trade | | | | $149,636.00 |

| Debtor | NPC Restaurant Holdings II LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | ALABAMA POWER COMPANY PO BOX 242 BIRMINGHAM, AL 35292 | Attn.: Phone: Facsimile: E-mail: | Mark A. Crosswhite 888-430-5787 support@alabamapower.com | Trade | | | | $139,019.00 |
| 20 | STAPLES BUSINESS ADVANTAGE PO BOX 660409 DALLAS, TX 75266 | Attn.: Phone: Facsimile: E-mail: | Legal Notices 888-753-4103 support@staplesadvantage.com | Trade | | | | $117,038.00 |
| 21 | BOTTLING GROUP LLC 75 Remittance Dr Chicago IL 60675 | Attn.: Phone: Facsimile: E-mail: | Ashley Myers 800-789-2626 847-483-6516 ashley.myers.contractor@pepsico.com | Trade | U | | | $106,433.00 |
| 22 | BGE PO BOX 13070 PHILADELPHIA, PA 19101 | Attn.: Phone: Facsimile: E-mail: | Legal Notices 800-685-0123 443-213-6017 | Trade | | | | $97,742.00 |
| 23 | PIZZA HUT OF AMERICA INC PO BOX 955641 SAINT LOUIS, MO 63195 | Attn.: Phone: Facsimile: E-mail: | Jay Alexander 972-338-7700 jay.alexander@pizzahut.com | Trade | U | | | $94,254.00 |
| 24 | JOHNSONDIVERSEY INC 450 Ferguson Dr Mountain View, CA 94043 | Attn.: Phone: Facsimile: E-mail: | Michael Macedo 501-835-9103 262-631-4332 mmacedo@autochlor.com | Trade | | | | $88,678.00 |
| 25 | LIQUID ENVIRONMENTAL SOLUTIONS PO BOX 733372 DALLAS, TX 75373 | Attn.: Phone: Facsimile: E-mail: | Legal Notices 469-461-6065 469-461-6065 customer.request@liquidenviro.com | Trade | | | | $84,578.00 |
| 26 | MBH ENTERPRISES LLC 12220 CHATTANOGGA PLAZA #289 MIDLOTHIAN, VA 23112 | Attn.: Phone: Facsimile: E-mail: | Brandy Chormann 888-655-3678 service@123esnow.com | Trade | | | | $82,681.00 |
| 27 | PUBLIX SUPER MARKET INC PO BOX 32010 LAKELAND, FL 33802 | Attn.: Phone: Facsimile: E-mail: | Allison Davis 863-688-7407 allison.davis@publix.com | Trade | U | | | $79,684.00 |
| 28 | RESTAURANT SUPPLY CHAIN SOLUTIONS PO BOX 638655 CINCINNATI, OH 45263 | Attn.: Phone: Facsimile: E-mail: | Rick Miles 800-444-4144 502-721-5250 rick.miles@rscs.com | Trade | | | | $78,527.00 |
| 29 | TORNIG REALTY LLC 720 EAST PALISADE AVENUE SUITE 103 ENGLEWOOD CLIFFS, NJ 07632 | Attn.: Phone: Facsimile: | Moses Kazanjian 201-408-5227 | Trade | U | | | $ 76639.00 |

Debtor    NPC Restaurant Holdings II LLC                                     Case number (if known) _____
                Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | | E-mail:       mkazanjian@everestrealtyco.com | | | | | |
| 30 | GEORGIA AIR AND REFRIGERATION INC 50 GRAYSON INDUSTRIAL PARKWAY GRAYSON, GA 30017 | Attn.:       Legal Notices Phone:       (678) 707-3525 Facsimile: E-mail:       service@gahvacr.com | Trade | - | - | - | $76,267.00 |

```
Fill in this information to identify the case:

Debtor name:  NPC Restaurant Holdings II LLC

United States Bankruptcy Court for the Southern District of Texas

                                              (State)

Case number (If known):
```

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☑   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  July 1, 2020
         MM / DD /YYYY

**X**   /s/ *Eric Koza*
Signature of individual signing on behalf of debtor

Eric Koza
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **In re** | § | **Chapter 11** |
| | § | |
| **NPC RESTAURANT HOLDINGS II LLC,** | § | **Case No. 20– _____** |
| | § | |
| **Debtor.** [1] | § | |
| | § | |
| | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in NPC International, Inc. and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). The Debtors respectfully represent as follows:

1.  NPC Restaurant Holdings I LLC is the ultimate parent company of the Debtors.

2.  To the best of the Debtors' knowledge and belief, no entities own more than 10% of NPC Restaurant Holdings I LLC's equity interests other than:

| ENTITY | PERCENTAGE OWNERSHIP |
|---|---|
| WPH Holdings II Parent LLC | 49.99% |
| Eldridge NPC Holding LLC | 49.99% |

3.  NPC Restaurant Holdings I LLC owns 100% of the equity interest of NPC Restaurant Holdings II LLC.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are NPC International, Inc. (7298); NPC Restaurant Holdings I LLC (0595); NPC Restaurant Holdings II LLC (0595); NPC Holdings, Inc. (6451); NPC International Holdings, LLC (8234); NPC Restaurant Holdings, LLC (9045); NPC Operating Company B, Inc. (6498); and NPC Quality Burgers, Inc. (6457). The Debtors' corporate headquarters and service address is 4200 W. 115th Street, Suite 200, Leawood, KS 66211.

2

4.  NPC Restaurant Holdings II LLC owns 99.72% of the equity interest of NPC Holdings, Inc., with the remaining 0.28% held by Jim Schwartz and Troy Cook.

5.  NPC Holdings, Inc. owns 100% of the equity interest of NPC International Holdings, LLC.

6.  NPC International Holdings, LLC owns 100% of the equity interest of NPC Restaurant Holdings, LLC.

7.  NPC Restaurant Holdings, LLC owns 100% of the equity interest of NPC International, Inc.

8.  NPC International, Inc. owns 100% of the equity interests of:
    a.  NPC Operating Company B, Inc.; and
    b.  NPC Quality Burgers, Inc.

## Exhibit A

## Organizational Chart



**Fill in this information to identify the case:**

Debtor name: NPC Restaurant Holdings II LLC

United States Bankruptcy Court for the Southern District of Texas

(State)

Case number (*If known*): _____

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☐  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑  Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 1, 2020
MM / DD /YYYY

X   */s/ Eric Koza*
Signature of individual signing on behalf of debtor

Eric Koza
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **In re** | § | **Chapter 11** |
| | § | |
| **NPC RESTAURANT HOLDINGS II LLC,** | § | **Case No. 20– _____** |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | |
| | § | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒  The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Percent of Interests Held |
|---|---|---|
| NPC Restaurant Holdings I LLC 4200 W. 115th Street Suite 200, Leawood, KS 66211 | Member Interest | 100% |

---

[1]  This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

List of Equity Holder

**Fill in this information to identify the case:**

Debtor name: <u>NPC Restaurant Holdings II LLC</u>

United States Bankruptcy Court for the <u>Southern District of Texas</u>
(State)

Case number (*If known*): _____

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors          **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ▌ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration <u>List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>July 1, 2020</u>
MM / DD /YYYY

**X**  <u>*/s/ Eric Koza*</u>
Signature of individual signing on behalf of debtor

<u>Eric Koza</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors